378 A.2d 301

**COMMONWEALTH of Pennsylvania, AUDITOR GENERAL of Pennsylvania, Appellant,**

v.

**BOROUGH OF EAST WASHINGTON.**

Supreme Court of Pennsylvania.

Argued March 8, 1977.

Decided Oct. 7, 1977.

Frank A. Woelfling, Deputy Counsel, Frank P. Lawley, Jr., Chief Counsel, Dept. of Auditor Gen., Ronald M. Chesin, Harrisburg, for appellant.

James C. McCreight, Clarence A. Crumrine, McCreight, Marriner & McCreight, Washington, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In this interlocutory appeal, the Auditor General of Pennsylvania challenges the jurisdiction of the Commonwealth Court to hear an action brought by the Borough of East Washington. The Borough sought review in the Commonwealth Court of the Auditor General's determination that certain future Commonwealth allocations should be withheld from the Borough. We hold that the Commonwealth Court has jurisdiction to hear this case.

Section 403 of the Fiscal Code of 1929[1] requires the Auditor General to audit the accounts and records of every recipient of money payable from the State Treasury to ensure that the money is expended for proper purposes. If the money is not expended properly, the Auditor General is empowered to decline to approve any further requisitions for payment to the recipient until the amount improperly expended "shall have been expended for the purpose for which the money improperly expended was received from the State Treasury."[2]

Pursuant to section 403, the Auditor General examined the books of account and records of the Police Pension Fund of the Borough of East Washington, and determined that certain improper expenditures had been made from the Police Pension Fund.[3] Therefore, on June 5, 1975, the

1. Act of April 9, 1929, P.L. 343, § 403, 72 P.S. § 403 (1949).

2. Id. Section 403 of the Fiscal Code of 1929 provides in full:
   "The Department of the Auditor General shall have the power, and its duty shall be, to audit the accounts and records of every person, association, corporation, and public agency, receiving an appropriation of money, payable out of any fund in the State Treasury, or entitled to receive any portion of any State tax for any purpose whatsoever, as far as may be necessary to satisfy the department that the money received was expended or is being expended for no purpose other than that for which it was paid. Copies of all such audits shall be furnished to the Governor. If at any time the department shall find that any money received by any person, association, corporation, or public agency, has been expended for any purpose other than that for which it was paid, it shall forthwith notify the Governor, and shall decline to approve any further requisition for the payment of any appropriation, or any further portion of any State tax, to such person, association, corporation or public agency, until an amount equal to that improperly expended shall have been expended for the purpose for which the money improperly expended was received from the State Treasury."

3. In his July 5, 1975, audit report, the Auditor General stated that money from the Police Pension Fund had been spent to purchase insurance policies providing for post-retirement lump-sum death benefits. The report stated that lump-sum death benefits are not authorized by the Act of May 29, 1956, P.L. (1955) 1804, §§ 1 et seq., as amended, 53 P.S. §§ 767 et seq. (1974), which regulates police pension funds in certain boroughs, towns, and townships.

Auditor General recommended the withholding of further state allocations [4] until the Police Pension Fund is reimbursed for the improper expenditures.

■ The Borough alleged that the Auditor General's action was an adjudication within the meaning of the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, §§ 1 et seq., as amended, 71 P.S. §§ 1710.1 et seq. (1962), and was therefore appealable to the Commonwealth Court. The Borough filed its appeal on June 30, 1975. The Auditor General filed a motion to quash, and on February 18, 1976, the Commonwealth Court denied the motion to quash. This appeal followed.[5]

## II

■ In this interlocutory appeal taken pursuant to the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672 (1953), this Court is limited to a determination whether the Common-

---

4. Pursuant to the Act of May 12, 1943, P.L. 259, § 1, as amended, 72 P.S. § 2263.1 (Supp.1977), money received from a tax on premiums received by foreign casualty insurance companies is allocated to municipalities for payment into police pension funds. .

5. The Auditor General filed a timely appeal from the Commonwealth Court's order, asserting that he was appealing a final order. After the Borough filed a motion to quash the Auditor General's appeal, this Court granted the Auditor General leave to amend. The Auditor General filed an amended appeal on April 19, 1976, stating that he was appealing from an interlocutory order involving a question of jurisdiction. We conclude that the Commonwealth Court's order is appealable insofar as it involves a determination that the Commonwealth Court has jurisdiction.

We hear this appeal pursuant to the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672 (1953), which provides for an appeal from preliminary determinations on questions of jurisdiction as in cases of final judgments. If this case is within the appellate jurisdiction of the Commonwealth Court, the Auditor General cannot take this appeal as of right, but must proceed by petition for allowance of appeal. Cf. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp.1977) (appeals from final orders of the Commonwealth Court in cases not within the original jurisdiction of the Commonwealth Court must be taken by petition for allowance of appeal). Assuming, without deciding, that the Auditor General is required to petition for allowance of appeal, we treat the papers on which the appeal was taken as a petition for allowance of appeal, and grant the petition. See Pa.R.A.P. 1102.

wealth Court has jurisdiction to hear this case. We only decide whether the Commonwealth Court has power to review the Auditor General's action. As this Court stated in *Drummond v. Drummond*, 402 Pa. 534, 167 A.2d 287 (1961):

> "The test of jurisdiction is the competency of the court to determine controversies of the general class involved, and whether the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case."

*Drummond v. Drummond*, 402 Pa. 534, 538, 167 A.2d 287, 290 (1961); accord, *Studio Theaters, Inc. v. City of Washington*, 418 Pa. 73, 209 A.2d 802 (1965).

We hold that the Commonwealth Court has power to review the Auditor General's action. In *Volunteer Firemen's Retirement Association v. Minehart*, 415 Pa. 305, 203 A.2d 476 (1964), this Court held that a determination by the Auditor General that improper expenditures had been made from a firemen's relief fund, and that further allocations of state funds should therefore be withheld, was subject to review by the courts in a mandamus action.[6] For jurisdictional purposes, it is immaterial that the Borough designated this action as an "appeal" from an "adjudication" of the Auditor General, instead of as an action in mandamus. Whether this action should be brought as an appeal or an action in mandamus relates only to the form of the action, not to the court's power to review the Auditor General's determination. Cf. *School District v. Allegheny County Board of School Directors*, 440 Pa. 113, 269 A.2d 904 (1970) (choice of "form of action" between law and equity does not raise a question of jurisdiction reviewable in interlocutory appeal). Whatever may be the proper form of an action brought to review the Auditor General's determination, the

6. In *Minehart*, the City of Reading filed a complaint in mandamus against the Auditor General in the Court of Common Pleas of Dauphin County (Commonwealth Docket). After the adoption of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §§ 211.101 et seq. (Supp.1977), such actions are in the original jurisdiction of the Commonwealth Court. See id. § 211.401(a).

Commonwealth Court has jurisdiction to review that determination. See 17 P.S. §§ 211.401(a), 211.403 (Supp.1977).[7]

■ The Pennsylvania Rules of Appellate Procedure make clear that the form of a suit which seeks review of an agency action does not involve a question of jurisdiction. See Pa.R.A.P. 1501–61; Pa.R.A.P. 1502 Note. The Rules provide that appeals and actions in equity, replevin, mandamus, quo warranto, and declaratory judgments, as well as petitions for writs of certiorari and prohibition, have been replaced by a single form of action to review governmental determination. Pa.R.A.P. 1502. Actions brought in the wrong form should not be dismissed, but should be regarded as having been filed in the proper form, although amendment may be required if necessary for clarification. Pa.R.A.P. 1503, 1504. See generally L. Jaffe, Judicial Control of Administrative Action 152 (1965) ("when we do create diverse means of review, there should be no risk involved in choosing the wrong form"). Once it is determined that the court has power to review administrative action, the form of review, as between appeal and mandamus, for example, does not affect the court's jurisdiction.[8]

Order affirmed.

---

**7.** We express no opinion whether this action should be brought as an appeal or as an action in mandamus, and our affirmance of the Commonwealth Court's order does not bar the Auditor General from raising this issue in a later appeal. The resolution of this issue may affect the scope of review, and the remedy available, but does not affect the Commonwealth Court's jurisdiction.

**8.** These Rules, Pa.R.A.P. 1501–61, became effective after this action was filed in the Commonwealth Court. We rely on these rules, not because they applied to this case, but because they demonstrate that so long as an agency's determination is reviewable in the Commonwealth Court, the choice of the wrong form of action does not deprive the court of jurisdiction. The Rules do not affect the jurisdiction of the Commonwealth Court, Pa.R.A.P. 1501(d), and it is possible to adopt the procedures set forth in the Rules only because the failure to bring an action in the correct form does not deprive the court of jurisdiction.