**Bradford TIMBERS, District Justice of District Court No. 31–2–03, Petitioner**

v.

**H. Gordon ROBERTS, District Court Administrator of the Court of Common Pleas of Lehigh County; Daniel P. Sabetti, Court Administrator of the Court of Common Pleas of Lehigh County; Charles Dorn, Personnel Director of Lehigh County; Lehigh County; and James N. Diefenderfer, President Judge of the Court of Common Pleas of Lehigh County, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 1994.

Decided Feb. 3, 1995.

Harry A. Jacobowitz, for petitioner.

David Donaldson, for respondent Diefenderfer.

Before COLINS, President Judge, and NEWMAN, J., and NARICK, Senior Judge.

COLINS, President Judge.

In June 1994, Bradford Timbers (Timbers), District Justice for District Court 31–2–03 in Lehigh County, petitioned in mandamus for an order directing the respondents to effectuate a clerical appointment. Timbers filed the petition in his capacity as an officer of the Commonwealth government alleging this Court's jurisdiction under Section 761(a)(2) of the Judicial Code, *as amended.*[1] Timbers asserts (1) that Section 2301 of the Judicial Code[2] gives a district justice the clear legal right to appoint personal clerical

---

1. 42 Pa.C.S. § 761(a)(2). "The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings: ... (2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings." *Id.*

2. "Subject to any inconsistent general rules or statutory provisions each ... district justice may appoint and fix the duties of necessary personal staff." 42 Pa.C.S. § 2301(a)(1).

employees; (2) that the county court administration has a legal duty to put judicial appointees on the county payroll; (3) that neither the court administrator nor the president judge has any discretion over the hiring of judicial appointees, and (4) that no adequate remedy at law is available.

The court administrators H. Gordon Roberts and Daniel Sabetti, county personnel director Charles Dorn, and president judge James Diefenderfer (collectively, respondents) responded with preliminary objections: (1) in the nature of a demurrer, (2) that mandamus is inappropriate as an extraordinary remedy concerning matters involving no discretion, and (3) that the rule governing standards of conduct of district justices, which gives the president judge supervisory and administrative control over district justices, impliedly gives the president judge discretion over district justice employees. Timbers then filed a motion for peremptory judgment. On November 1, 1994, the motion was scheduled for argument at the same time as argument on respondents' preliminary objections.

At the scheduled argument on December 8, 1994, the respondents raised additional objections, asserting (1) that this Court should decline jurisdiction over a mandamus action against a president judge of a court of common pleas and (2) that Timbers lacks standing because as of November 2, 1994, the Pennsylvania Supreme Court suspended Timbers, relieving him of all judicial and administrative duties of the office of district justice.

▮ A petition seeking mandamus must allege a legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate remedy at law. *Kester v. Pennsylvania Board of Probation and Parole*, 148 Pa.Commonwealth Ct. 29, 609 A.2d 622 (1992). Timbers filed his petition in his official capacity as a district justice for District Court 31–2–03, and the sufficiency of his petition depended on his continuing to act in

that position. The petition asserts a clear right to appoint personal staff, and at present, subsequent to the Supreme Court's order relieving him of all judicial and administrative duties, Timbers has no right to appoint staff.

▮ Although Timbers correctly asserts that the suspension is temporary and not equivalent to removal from the office of district justice,[3] that distinction does nothing to change the fact that Timbers currently has no right to appoint staff. Accordingly, as a result of the Supreme Court's suspension order, Timbers no longer has standing to assert the rights of a district justice or to seek mandamus in this matter.

### ORDER

AND NOW, this 3rd day of February, 1995, respondents' preliminary objection that Timbers lacks standing is sustained and petitioner's motion for peremptory judgment is dismissed. The petition in the above-captioned matter is dismissed without prejudice to reinstate should the order of suspension be reversed.

---

**3.** The Pennsylvania Supreme Court ordered an interim suspension, temporarily relieving Timbers of all judicial and administrative duties of his office. The suspension is not considered to be a final determination as to Timbers's right to

hold his office since the suspension remains effective only until a disposition is made by the Judicial Conduct Board. *See In re Franciscus*, 471 Pa. 53, 369 A.2d 1190, *cert. denied*, 434 U.S. 870, 98 S.Ct. 212, 54 L.Ed.2d 148 (1977).