# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerry Jeron Daniels,           :
                                           :
                 Petitioner    :
      v.                       :
                                           :   No. 490 C.D. 2023
Pennsylvania Parole Board,    :
                                           :
              Respondent   :   Submitted: May 7, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                            FILED:  June 5, 2024

Jerry Jeron Daniels (Daniels), appearing *pro se*, petitions for review from an April 17, 2023 decision of the Pennsylvania Parole Board (Board), denying his request for administrative relief and affirming the Board's decision mailed August 19, 2022, recommitting him to a state correctional institution as a convicted parole violator (CPV) to serve six months' backtime.  We affirm.

On June 11, 2019, Daniels was released on parole for several sentences with a controlling maximum sentence date of January 1, 2028.  Certified Record (C.R.) at 12-13.  On August 27, 2021, Daniels was detained based on new criminal charges. *Id.* at 21-31.  Daniels waived his right to a detention hearing on September 13, 2021. *Id.* at 34.  On September 27, 2021, the Board issued a decision detaining Daniels pending disposition of the new criminal charges. *Id.* at 40.

On June 2, 2022, Daniels pled guilty to disorderly conduct and was sentenced to 12 months of probation. C.R. at 56, 60, 66. On August 4, 2022, Daniels signed a "Waiver of Revocation Hearing and Counsel/Admission Form" (Hearing Waiver Form). *Id.* at 75.

> The Hearing Waiver Form provides:
>
> I have been advised of my rights to a parole revocation hearing and counsel at that hearing. I have also been advised that there is no penalty for requesting counsel, that free counsel is available if I cannot afford to retain counsel, and I have been provided with the name and address of the local public defender. With full knowledge and understanding of these rights, I hereby waive my right to a parole revocation hearing and counsel at that hearing. I waive these rights of my own free will, without any promise, threat or coercion.

C.R. at 75. The form further states:

> On the, 4th day of August 2022 I, Jerry Daniels do knowingly, intelligently and voluntarily admit that: I was convicted of, plead guilty or plead no contest to the new criminal offenses listed on the attached PB 257N dated 8/3/2022 that the conduct underlying the charge occurred while I was on parole/delinquent on parole, I have been convicted of the offense(s) in a court of record and the offense(s) was punishable by imprisonment. Specifically, I knowingly, intelligently, and voluntarily admit that I have been convicted of Disorderly Conduct Hazardous/Physical Offense (M3) at Docket No(s). CP-22-CR-4631-2022.
>
> In violation of parole, I understand and agree that this admission is binding and may only be withdrawn if I submit a written withdrawal to my supervising agent, within ten (10) calendar days of the date written above.

*Id.* Daniels did not write anything in the portion of the Hearing Waiver Form that stated, "You may provide any additional information that you would like the Board to consider below." *Id.*

By decision mailed on August 19, 2022, Daniels was recommitted as a CPV to serve six months' backtime, with a parole maximum date of January 1, 2028. C.R. at 91-92. On August 25, 2022, Daniels filed an Administrative Remedies Form, claiming he was arrested on August 27, 2021, "[and] never official[ly] charged with any crime. No Attorney for the Commonwealth approved of such crime on [August 27, 2021.] I've [b]een [i]llegal[ly] [d]etained for over a year." *Id.* at 93. On April 17, 2023, the Board affirmed its recommitment determination. *Id.* at 118-20.

Daniels, through counsel,[1] filed a petition for review with this Court.[2] Daniels, now appearing *pro se*, appears to argue that he was illegally detained for over a year prior to his new criminal conviction and that he suffered a violation of his constitutional rights.

To the extent Daniels' argument can be interpreted as a challenge to his underlying arrest and conviction, it is beyond the scope of this appeal. *See Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 570 (Pa. 1980) (Commonwealth Court does not have jurisdiction to inquire into the legality of a defendant's arrest when

---

[1] Counsel's application to withdraw appearance was later granted in a July 5, 2023 Order of this Court.

[2] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704. When determining whether there has been an abuse of discretion, the Pennsylvania Supreme Court has held that "[a]n abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will[.]" *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006).

reviewing an order of the Board recommitting him as a CPV). Furthermore, we will not address Daniels' claim that his constitutional rights were violated during his pre-trial confinement because he was illegally detained based on the Board's warrant. The record in this case clearly reflects that Daniels waived his right to a detention hearing. C.R. at 34. Indeed, if Daniels wished to challenge his pre-trial detention, he should have filed an action seeking habeas corpus relief. *See Kester v. Pa. Bd. of Prob. & Parole*, 609 A.2d 622, 625 (Pa. Cmwlth. 1992) ("Read in its entirety, Kester's pleading seeks relief from an allegedly illegal detention resulting from the Board's detainer order. Habeas corpus is the recognized means for testing the legality of detention.").

The record in this action reflects that the Board followed its regulations and provided Daniels with necessary information prior to Daniels signing the Waiver of Hearing Form. It also reveals that Daniels was advised of his rights, chose to waive those rights, admitted to the parole violation, and did not withdraw his admission within the permitted period.

Accordingly, the Board's decision denying Daniels' request for administrative relief is affirmed.[3] Daniels' "Request for Publication of Opinion Per Pa.R.A.P. Rule 3519" is denied.

 

 

 

_____

MATTHEW S. WOLF, Judge

---

[3] In light of our holding, we dismiss Daniels' Application for Summary Relief as moot.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jerry Jeron Daniels, | : | |
| | : | |
| Petitioner | : | |
| v. | : | |
| | : | No. 490 C.D. 2023 |
| Pennsylvania Parole Board, | : | |
| | : | |
| Respondent | : | |

**O R D E R**

AND NOW, this 5th day of June 2024, the April 17, 2023 determination of the Pennsylvania Parole Board is AFFIRMED. Jerry Jeron Daniels' (Daniels) Application for Summary Relief is DISMISSED AS MOOT. Daniels' "Request for Publication of Opinion Per Pa.R.A.P. Rule 3519" is DENIED.

_____
MATTHEW S. WOLF, Judge