# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elliott-Todd Parker Koger and Todd : 
Elliott Koger, Sr., jointly and : 
individually as the "Koger Family" : 
identified at PAHAF 19868 that was : 
affirmed by this Court at 777 C.D. 2022, : 
                   Petitioners : 
  : 
         v. : No. 97 M.D. 2025
  : SUBMITTED: April 13, 2026
Pennsylvania Housing Finance Agency, : 
Mary McGinley, in her official capacity : 
as Judge, Fifth Judicial District Court of : 
Common Pleas, Benjamin Kohler in his : 
official capacity as Prothonotary, : 
Superior Court of Pennsylvania, Kevin : 
Kraus, in his official capacity as ; 
Allegheny County Sheriff, and : 
Isaac Usoroh, : 
                 Respondents : 

## OPINION NOT REPORTED

**MEMORANDUM OPINION**
**PER CURIAM**                                    FILED: June 1, 2026

Before the Court are the April 10, 2025 preliminary objections filed by Respondents Mary McGinley, a judge for the Court of Common Pleas of Allegheny County, and Benjamin Kohler, Prothonotary for the Superior Court of Pennsylvania, and the May 1, 2025 preliminary objections filed by Kevin Kraus, the Allegheny County Sheriff, in response to a Petition for Review filed in our original and appellate jurisdiction by Petitioners Elliott-Todd Parker Koger (Elliot Koger) and Todd Elliott Koger, Sr. (Koger, Sr.), (collectively, the Kogers). The Kogers also

name as Respondents the Pennsylvania Housing Finance Agency (PHFA) and Isaac Usoroh.

For the reasons that follow, the Court sustains the second preliminary objection filed by Judge McGinley, Prothonotary Kohler, and Sheriff Kraus,[1] and dismisses the Petition with prejudice. The remaining preliminary objections are dismissed as moot. The Kogers' outstanding applications for relief are denied.[2]

This matter relates to the Kogers' ongoing efforts to overturn the August 2022 Sheriff's Sale of property located at 515 Kelly Avenue, Wilkinsburg, Pennsylvania (Property), and a subsequent ejectment action filed by Mr. Usoroh, who purchased the Property.[3] To the extent the Court is able to discern the averments

---

[1] Because the preliminary objections filed by Sheriff Kraus mirror those filed by Judge McGinley and Prothonotary Kohler, the Court will address them together.

[2] Petitioners' outstanding applications for relief are as follows: (1) April 14, 2025 "Correction of the Record"; (2) April 17, 2025 "Rule 1516(b) Request for Summary Relief/Default Judgment"; (3) May 1, 2026 "Application for Emergency Stay, Summary Relief and Other"; (4) May 8, 2025 "Emergency Pa.R.A.P. 123 Application for Relief and Rule 1926 Correction of the Record"; (5) May 11, 2025 "Emergency Petition for Writ of Prohibition, Application for Emergency Stay, and Request for Summary Relief"; (6) May 22, 2025 "Renewed Application for Emergency Summary Relief Pursuant to Rule 123 (No Disputed Material Facts Regarding Void Underlying Lien and Acknowledged Jurisdictional Defect)"; and (7) May 28, 2026 "Urgent 'Whistleblower's First Hand Evidence' of Violations of Privacy Interests in Connection with May 27, 2025 Unlawful Eviction Proceedings and Evidence Tampering." A March 31, 2025 filing titled "Rule 1926 to Correct the Record" does not request relief from the Court.

The Court previously denied the Kogers' May 27, 2025 "Urgent Application for Emergency Relief" in a Memorandum and Order dated May 29, 2025. In a June 24, 2025 Memorandum and Order, the Court denied the Kogers' May 29, 2025 "Urgent Emergency Application for Summary Relief Demonstrating Immediate Need Based on Undisputed Material Facts Regarding a Void Underlying Action at PAHAF-19868 and Subsequent Criminal Enforcement of a 15-Year Old (2010) Statutory Expired GD-05-18165 Tax Lien", June 3, 2025 "Urgent Emergency Ex Parte Application for Immediate Supplemental Post-Trial (Agency Decision) Relief", and June 22, 2025 "Urgent Emergency Exception to Sheriff's Return and Inventory (Replevin)."

[3] Generally, when considering preliminary objections, the Court may not take judicial notice of records in another case. *Guarrasi v. Scott*, 25 A.3d 394, 397 n.3 (Pa. Cmwlth. 2011). An exception exists, however, which makes it appropriate for the Court to take judicial notice of a fact **(Footnote continued on next page…)**

in the Petition, the Kogers assert that Koger, Sr., did not own the Property and, therefore, was not liable for a 2005 municipal tax lien filed by the Wilkinsburg School District that resulted in the Sheriff's Sale and purchase of the Property by Mr. Usoroh.[4] The Kogers maintain that Todd Elliot Koger, Jr. (Koger, Jr.), is the sole owner of the Property, and that Koger, Jr.'s, ownership of the Property was "definitively adjudicated" by this Court in *Koger v. Pennsylvania Housing Finance Agency* (Pa. Cmwlth., No. 777 C.D. 2022, filed July 26, 2023) (*Koger I*). Pet. ¶ 29. Thus, because Koger, Jr., was not properly named or served in the tax lien and Sheriff's Sale proceedings, the trial court lacked jurisdiction to hear the matter. The Kogers also allege that the tax lien expired in 2010 and, therefore, the Sheriff's Sale and subsequent ejectment action are void.[5]

---

either admitted to by the parties or incorporated into the petition for review by reference to a prior court action. *Id.* The Kogers reference several proceedings from the trial court, including the Sheriff's Sale, which is docketed at GD-05-18165, and the ejectment action docketed at GD-22-13385. Judge McGinley presided over both matters.

[4] In ruling on preliminary objections, the Court must accept as true all well-pleaded material facts in the petition for review and all inferences reasonably deducible therefrom. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). When ruling on a demurrer, the Court must confine its analysis to the petition for review, although the Court may consider documents attached as exhibits to the petition for review or referenced therein. *Page v. Rogers*, 324 A.3d 661, 671 (Pa. Cmwlth. 2024) [citing *Torres*, 997 A.2d at 1245; *Fraternal Ord. of Police Lodge No. 5 by McNesby v. City of Phila.*, 267 A.3d 531, 541-42 (Pa. Cmwlth. 2021)]. We are not required to accept as true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Torres*, 997 A.2d at 1245. Preliminary objections testing the legal sufficiency of a pleading will be sustained only where the pleading clearly fails to state a claim for which relief may be granted. *Id.*

[5] In support of this averment, the Kogers cite various statutes and Superior Court precedent, none of which apply to the instant matter. The Kogers additionally allege that the trial court "misused" the guardianship process in a separate matter involving Elliot Koger. Pet. ¶¶ 43-46. As the relief sought by the Kogers is unrelated to the latter allegation, we will not address it further.

By way of relief, the Kogers seek declaratory, mandamus, and permanent injunctive relief prohibiting Respondents from interfering with their rights to the Property.[6]

Judge McGinley, Prothonotary Kohler, and Sheriff Kraus filed preliminary objections asserting that this Court lacks jurisdiction to grant the requested relief, that the Petition constitutes an improper collateral attack on the trial court proceedings and is barred by the doctrines of res judicata and collateral estoppel, and that the Kogers' claims are barred by sovereign immunity.

The Court's decision in *Koger I* merits a brief review, given the Kogers' reliance on, and misapprehension of, that decision. In *Koger I*, Koger, Sr., applied for financial assistance through the Pennsylvania Homeowner Assistance Fund (Fund). The PHFA denied the application because Koger, Sr., did not hold legal or equitable title to the Property. In his appeal of this determination, Koger Sr., stated that Koger, Jr., was "the 'only' owner with legal and equitable title." Pet. at 16.[7] The PHFA denied the appeal, based on Koger, Sr.'s admission that he did not own the Property and, thus, was not eligible for assistance. Koger, Sr., appealed to this Court, which affirmed the PHFA. The Court noted that Koger, Sr., did not meaningfully challenge the PHFA's determination, which relied on Koger, Sr.'s, admission that he did not own the Property.

To the extent Koger, Sr., interprets *Koger I* as definitively establishing ownership of the Property, we disagree. Notably, *Koger I* is an unreported panel

---

[6] In addition, citing 18 U.S.C. § 3057 (bankruptcy investigations), the Kogers request that the Court notify the United States Attorney of the available evidence pertaining to "fraud on the court" and an alleged conspiracy under the Racketeer Influenced and Corrupt Organizations Act to violate federal law. Pet., Prayer for Relief ¶ 3.

[7] Attachments to the Petition are referenced by electronic pagination.

decision and, therefore, non-precedential.[8]  Furthermore, the Court's role in *Koger I* was not to make findings as to the Property's record owner but to review whether, in denying financial assistance from the Fund, the PHFA violated Koger, Sr.'s, constitutional rights, erred as a matter of law, or made findings that were not supported by substantial evidence.[9]  The PHFA's determination was based, in part, on Koger, Sr.'s, admission that he did not own the Property.  That the record before the Court supported the PHFA's decision did not establish or refute ownership for purposes of the unrelated trial court proceedings on the School District's tax lien, the Sheriff's Sale, or Mr. Usoroh's ejectment action.

Turning to the preliminary objections, we first address the second preliminary objection, in which Judge McGinley, Prothonotary Kohler, and Sheriff Kraus assert that the Petition is an improper collateral attack on previously litigated trial court proceedings and that the Kogers' claims are barred by the doctrines of collateral estoppel and res judicata.

In response, the Kogers deny they are relitigating the underlying trial court proceedings.  Instead, they reiterate the argument that *Koger I* conclusively established Koger, Jr.'s, ownership of the Property and ask the Court to compel Judge McGinley and Prothonotary Kohler to "recognize and apply [*Koger I*'s] binding precedent[.]" Resp. Opposing Prelim. Objs. ¶¶ 13, 32.

This Court has explained that res judicata encompasses related but distinct principals – technical res judicata and collateral estoppel. *J.S. v. Bethlehem Area Sch. Dist.*, 794 A.2d 936, 939 (Pa. Cmwlth. 2002) [citing *Henion v. Workers'*

---

[8] Section 414(a) of this Court's Internal Operating Procedures relevantly provides that an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value but not as binding precedent.  210 Pa. Code § 69.414(a).

[9] *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024).

*Comp. Appeal Bd. (Firpo & Sons, Inc.)*, 776 A.2d 362, 365 (Pa. Cmwlth. 2001)]. Both technical res judicata and collateral estoppel serve to preclude a party from pursuing litigation that revisits a claim or an issue that has been settled by a previous action. *In re Est. of Plance*, 175 A.3d 249, 270 (Pa. 2017). Technical res judicata, which applies to claims that were actually litigated or could have been litigated, "requires the coalescence of four factors: (1) identity of the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or capacity of the parties suing or being sued." *J.S.*, 794 A.2d at 939.

Collateral estoppel similarly bars a subsequent lawsuit where: (1) an issue decided in a prior action is identical to one presented in a later action, (2) the prior action resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action, and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *J.S.*, 794 A.2d at 939 [citing *Rue v. K-Mart Corp.*, 713 A.2d 82, 84 (Pa. 1998)]. Pennsylvania courts have applied the collateral estoppel doctrine only if: (1) the issues in the two actions are sufficiently similar and material to justify invoking the doctrine; (2) the issue was actually litigated in the first action; and (3) final judgment was entered in the first action for the issue in question. *Commonwealth v. Holder*, 805 A.2d 499, 502 (Pa. 2002) (citations omitted). An issue has been "actually litigated" where it was properly raised, submitted for determination, and actually determined. *Id.* at 502-03.

The Kogers' assertions notwithstanding, it is clear from the Petition that the Kogers seek to relitigate the tax lien, Sheriff's Sale, and ejectment proceedings.

The exact issues they raise – ownership of the Property, service on Koger, Jr., and validity of the tax lien – were previously settled in appeals to this Court and the Superior Court.

In *Wilkinsburg School District v. Koger* (Pa. Cmwlth., No. 422 C.D. 2017, filed July 10, 2019), Koger, Sr., appealed the trial court's order entering judgment against him for the tax lien filed by the District, arguing that Koger, Jr., owned the Property but was never served or named in the trial court action. We affirmed the trial court because the original record supported the conclusion that Koger, Sr., owned the Property and "nothing therein counter[ed] that conclusion[.]" *Slip op.* at 4.

Following the Sheriff's Sale, Usoroh filed the ejectment action to obtain possession of the Property. Koger, Sr., appealed the trial court's order granting Usoroh possession of the Property to the Superior Court, arguing that Koger, Jr., owned the Property but was never served or named in the trial court proceedings. *See Appeal of Koger* (Pa. Super, No. 1340 WDA 2023, filed Dec. 19, 2024). The Superior Court rejected this argument, as the trial court record supported the conclusion that Koger, Sr., owned the Property. Thus, the Superior Court affirmed the trial court, holding that the judgment entered was "valid, binding, and final." *Slip op.* at 10. In several applications for relief filed with this Court, the Kogers acknowledge that they were evicted from the Property on May 27, 2025.

Despite these decisions, the Kogers continue to litigate the issue of who owns the Property, service on Koger, Jr., and the tax lien's validity in various matters naming one or all of the Respondents named in the Petition. This Court recently dismissed two such matters on the basis of res judicata. *See* Mem. & Ord., *Koger v. Pa. Housing Fin. Agency* (Pa. Cmwlth., No. 175 M.D. 2025, filed Sept. 5, 2025) (*per*

7

*curiam*); Mem & Ord., *Koger v. Pa. Housing Fin. Agency* (Pa. Cmwlth., No. 324 C.D. 2025, filed Sept. 5, 2025) (*per curiam*). The Petition simply revisits issues previously decided by the trial court and affirmed by this Court in *Wilkinsburg School District* and the Superior Court in *Appeal of Koger*. Accordingly, we conclude that the claims in the Petition are barred by res judicata and sustain Judge McGinley's, Prothonotary Kohler's, and Sheriff Kraus' second preliminary objection.

Given our disposition on the second preliminary objection, we need not address the first and third preliminary objections.[10] In their brief opposing

---

[10] Although we do not fully address the remaining preliminary objections, the Court agrees that we would not have jurisdiction over the Kogers' mandamus claims against Judge McGinley, Prothonotary Kohler, and Sheriff Kraus. Our Supreme Court has "original but not exclusive jurisdiction" over cases involving mandamus or prohibition to courts of inferior jurisdiction. 42 Pa.C.S. § 721(2). Although this Court has original jurisdiction over civil actions or proceedings "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity," 42 Pa.C.S. § 761(a)(1), "in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units[,]" our original jurisdiction is limited to matters "where such relief is ancillary to matters within [our] appellate jurisdiction[.]" 42 Pa.C.S. § 761(c). The Kogers have not alleged that any appeals from the underlying trial court proceedings are pending with this Court. Rather, they cite *Koger I* as "inextricably linked to" their mandamus claims. Resp. Opposing Pre. Objs. ¶ 4. A matter is not ancillary to the Court's appellate jurisdiction, however, until the Court exercises its appellate jurisdiction. *Kester v. Pa. Bd. of Prob. & Parole*, 609 A.2d 622, 625 (Pa. Cmwlth. 2012). The Court adjudicated *Koger I* nearly three years ago and, therefore, the Court is no longer exercising appellate jurisdiction over that appeal. Moreover, the Superior Court is not a court of inferior jurisdiction within the meaning of Section 761(a)(c). Given the Court's lack of jurisdiction over the Kogers' mandamus claims, the Court would ordinarily transfer those claims to the Supreme Court, pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a). Transfer is unnecessary in this instance, because all claims in the Petition are barred by res judicata.

The Court also agrees that Judge McGinley, Prothonotary Kohler, and Sheriff Kraus are protected against the Kogers' claims by sovereign immunity, judicial and quasi-judicial immunity, and high public official immunity. Although sovereign immunity does not apply to prohibitory injunctions that order a party to refrain from acting, officials and employees of the Unified Judicial System acting within their official capacities are generally entitled to sovereign immunity for claims seeking injunctive relief that compel affirmative action. 1 Pa.C.S. § 2310; *Finn v. Rendell*,

**(Footnote continued on next page…)**

preliminary objections, the Kogers request leave to amend the Petition, if necessary. The Court declines to grant their request, as amendment would be a futile exercise and it is not reasonably probable that the Kogers could cure the legal deficiencies discussed herein. *Shore v. Dep't of Corr.*, 168 A.3d 374, 387 (Pa. Cmwlth. 2017) [citing *Carlino v. Whitpain Invests.*, 453 A.2d 1385, 1388 (Pa. 1982)].

Accordingly, the second preliminary objection filed by Judge McGinley, Prothonotary Kohler, and Sheriff Kraus is hereby granted, and the Petition is dismissed with prejudice. The remaining preliminary objections are dismissed as moot. The Kogers' outstanding applications for relief are denied.

---

990 A.2d 100, 105 (Pa. Cmwlth. 2010) (sovereign immunity applies to an action compelling state parties to act) (citations omitted). In addition, judges are entitled to judicial immunity where (1) the judge performed a judicial act and (2) the judge had some jurisdiction over the subject matter before her. *Chasan v. Platt*, 244 A.3d 73, 81 (Pa. Cmwlth. 2020). Judicial immunity "is not only immunity from damages, but also 'immunity from suit.'" *Id.* (citations omitted). Therefore, judicial immunity is also a defense to claims seeking declaratory relief. *Id.* at 82. Quasi-judicial immunity has been granted to prothonotaries, court administrators, and court staff for actions taken pursuant to court orders and at the direction of judges. *See Guarrasi*, 25 A.3d at 405 n.11 (court administrator has quasi-judicial immunity); *Brown v. Dreibelbis* (Pa. Cmwlth., No. 426 M.D. 2018, filed August 7, 2019) (Supreme Court Prothonotary protected by quasi-judicial immunity when acting within official duties as an officer of the court); *Schneller v. Prothonotary of Montgomery Cnty.* (Pa. Cmwlth., No. 1316 C.D. 2016, filed Sept. 12, 2017) (claim against prothonotary for actions taken in connection with official duties barred by quasi-judicial immunity). The Court cites *Brown* and *Schneller* for their persuasive value. 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elliott-Todd Parker Koger and Todd : \
Elliott Koger, Sr., jointly and : \
individually as the "Koger Family" : \
identified at PAHAF 19868 that was : \
affirmed by this Court at 777 C.D. 2022, : \
                Petitioners : \
  : \
        v. : No. 97 M.D. 2025 \
  : \
Pennsylvania Housing Finance Agency, : \
Mary McGinley, in her official capacity : \
as Judge, Fifth Judicial District Court of : \
Common Pleas, Benjamin Kohler in his : \
official capacity as Prothonotary, : \
Superior Court of Pennsylvania, Kevin : \
Kraus, in his official capacity as : \
Allegheny County Sheriff, : \
and Issac Usoroh, : \
               Respondents :

**PER CURIAM**                  **O R D E R**

AND NOW, this 1st day of June, 2026, the second preliminary objection filed by Respondents Mary McGinley, Benjamin Kohler, and Kevin Kraus is hereby SUSTAINED, and the remaining preliminary objections are DISMISSED as MOOT. The Petition for Review filed by Elliott-Todd Parker Koger and Todd Elliott Koger, Sr., jointly and individually as the "Koger Family" (collectively, the Kogers) is hereby DISMISSED WITH PREJUDICE. The Kogers' outstanding applications for relief are DENIED.