Jane Strayer Hess and Lawrence Eugene Hess, Jr., Appellants *v.* Montgomery County Board of Assessment Appeals, Appellee.

Argued April 3, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, DiSALLE, CRAIG and MacPHAIL. Judges ROGERS and BLATT did not participate.

*Lawrence E. Hess*, for petitioners.

*Scott E. Townsley*, with him *Michael D. Marino*, for respondent.

OPINION BY JUDGE WILKINSON, JR., April 26, 1979:

Appellants' appeal from the action of the Montgomery County Board of Assessment Appeals to the Court of Common Pleas was stricken for failure to comply with Rule No. 920 of the Rules of Civil Procedure of Montgomery County. This appeal followed. We affirm.

The merits of the action, which were not reached by the court below and which we do not reach, involve the constitutionality of the provision in the Pennsylvania Farmland and Forest Land Assessment Act of

1974, which requires that land devoted to forest reserve, in order to be eligible to have the benefits of the favorable assessment, be not less than ten contiguous acres in area. Section 3 of the Act of December 19, 1974, P.L. 973, *as amended*, 72 P.S. §5490.3 (Act 319). The appellants' land for which preferential assessment was sought was determined by the Board of Assessment Appeals not to comply with the requirements of Act 319, since it contained less than seven acres.

Section 9 of Act 319, 72 P.S. §5490.9(a) provides:

The owner of a property upon which a preferential assessment is sought, and the political subdivision in which said property is situated, shall have the right of appeal in accordance with existing law.

The existing law referred to in Act 319 is Section 9 of the Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §5350 which provides for an appeal by any dissatisfied taxable within 30 days to the court of common pleas "in the manner provided by law for appeals from assessments."

Rule 920 of the Montgomery County Rules of Civil Procedure states:

(a) In all cases where an appeal is taken from a real estate assessment fixed by the Board for the assessment and revision of taxes, the petition for allowance of appeal shall have attached to it a proposed preliminary decree which shall provide:

(1) That the appeal is allowed;

(2) That within five days from the date of the preliminary decree, appellant shall serve a copy of the petition and preliminary decree upon the said Board, upon the Board of County Commissioners of Montgomery County, the governing body

of the municipality and the Board of School Directors of the school district in which the real estate is situate, and upon the property owner, if he is not the appellant;

(3) That the taxing authorities aforesaid and the property owner, if he is not the appellant, be and are hereby entitled to intervene as parties appellee: and

(b) The appeal shall be scheduled by the Court Administrator for a hearing upon the filing of a praecipe signed by all counsel of record.

It is quite clear that the appellant did not comply with the requirements of Rule 920. As set forth by Judge Moss in his able opinion:

The lodging of the appeal in the Prothonotary's office gave no notice to the Upper Dublin Township authorities, the affected School Board or to the County Commissioners of the appeal, nor to the Court which, therefore, failed to fix a time for hearing. The plain purpose of the Act and of the local Rule to have a prompt hearing date fixed and notice given to all affected parties was frustrated. Disregard of this important rule is cause for striking off the appeal.

Otherwise, the disposition of appeals would be delayed contrary to the express mandate of the Act and the calculation of total assessments in municipalities would be deprived of accurate information on assessments so as to be denied the capacity to calculate the tax millage requirements with precision.

Appellants would justify failing to comply with Rule 920 by asserting that this was not an appeal from a real estate assessment but rather an appeal from a refusal to give a preferential assessment. This

would appear to be a distinction without a difference. In *Wynnefield United Presbyterian Church v. City of Philadelphia,* 348 Pa. 252, 35 A.2d 276 (1944), the taxpayer secured an injunction from the common pleas court enjoining the collection of taxes on property it claimed to be exempt. The Supreme Court reversed, holding that the proper procedure for claiming the exemption is by appeal.

Finally, appellants assert that the court should not have dismissed its appeal but should have considered it under the provisions of Section 708 of the Judicial Code, *as amended,* 42 Pa. C.S. §708. Suffice it to say that statute, by its express terms, applies only when the form of action should not have been an appeal but rather an action in the nature of equity, mandamus, prohibition, quo warranto, or otherwise. Here the nature of the action was properly an appeal. Appellants simply did not comply with the rules.

Accordingly, we will enter the following

ORDER

AND Now, April 26, 1979, the order of the Court of Common Pleas of Montgomery County, No. 77-12707, dated October 24, 1977, striking off the appeal in the above matter is affirmed.