552 A.2d 1156

Alvin E. Press, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 20, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Alvin E. Press,* for himself.

*Gary L. Kelley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, January 24, 1989:

Petitioner, Alvin E. Press, seeks review of an order of the Unemployment Compensation Board of Review (Board), which denied his petition for reimbursement of

attorney's fees pursuant to the Act of December 13, 1982 (Costs Act), P.L. 1127, 71 P.S. §§2031-2035. We affirm.

Petitioner was employed as a production electrician by Transit America. His last day of work was January 30, 1987. He filed an application for Trade Act Benefits for adversely affected workers with the Office of Employment Security (OES). The OES issued a determination denying benefits to petitioner. The petitioner appealed to the referee, and the referee reversed the OES's decision and granted benefits to petitioner. The OES appealed from this decision. The petitioner filed a petition for reimbursement of attorney's fees with the referee. The Board issued a decision and order affirming the referee, and thus granting benefits to petitioner, but denying attorney's fees to petitioner pursuant to section 3 of the Costs Act, 71 P.S. §2033. The petitioner now seeks review of the Board's order which denied reimbursement of attorney's fees to him.[1]

In its decision, the Board determined that the Costs Act is inapplicable because the Costs Act addresses adversary adjudications *initiated* by a Commonwealth agency. The Board held that the OES did not initiate an adversary adjudication; instead it undertook fact finding and issued a determination only *after* the petitioner filed an application for benefits. Since the OES's determina-

---

[1] We wish to emphasize to the parties that the proper procedure for appealing a denial of reimbursement of attorney's fees under the Costs Act was not utilized in this case. Subsection 3(e) provides that a party dissatisfied by an agency determination under the Costs Act may file a "petition for leave to appeal," 71 P.S. §2033(e). This Court may then grant or deny such a petition. No such procedure was utilized in this case. However, as this case has been briefed and submitted for decision, we will treat the petition for review as a petition for leave to appeal and allow the appeal. In the future, failure to follow the proper procedures under the Costs Act may result in the dismissal of the appeal.

tion was issued after the petitioner filed an application and initiated the request, the Board found the Costs Act inapplicable.

Section 3(a) of the Costs Act, 71 P.S. §2033(a), provides:

> (a) Except as otherwise provided or prohibited by law, a Commonwealth agency that initiates an adversary adjudication shall award to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust.

The petitioner contends that by filing his application for unemployment compensation benefits, he merely initiated a claim. He contends that the OES "initiated an adversary adjudication" when it denied his application for unemployment benefits. We do not agree with petitioner's argument that such denial by the OES initiates an adversary adjudication, and thus renders the costs incurred recompensable. "Such an interpretation belies the express language and stated purpose of the Act." *Hardy et al. v. Pennsylvania Department of Environmental Resources*, 101 Pa. Commonwealth Ct. 1, 515 A.2d 356 (1986).

In *Hardy*, this Court stated:

> We are, of course, constrained to construe statutory language according to its common and approved usage. 1 Pa. C. S. §1903(a). Webster's Ninth New Collegiate Dictionary (1983) defines initiate as 'to cause or facilitate the beginning of.' We fail to see how the Department 'caused or facilitated the beginning of' this adjudication. We believe that petitioners began this action in their

private request for revision directed at the Department.

*Id.* at 6, 515 A.2d at 358.

Accordingly, we affirm the order of the Board.

ORDER

NOW, January 24, 1989, the order of the Unemployment Compensation Board of Review, Decision No. B-264840, is affirmed.