v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Decided Nov. 29, 1989.

Richard G. Johnson, for petitioner.

Kathleen Harrington, Asst. Counsel, for respondent.

Before COLINS and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

■ This is an appeal by D.E.S. (Petitioner) from an order of the Office of Hearings and Appeals (O.H.A.) which denied Petitioner's request for attorneys' fees and expenses pursuant to the Act of December 13, 1982 (Costs Act), P.L. 1127, 71 P.S. §§ 2031–2035 (Supp.1989).[1] We affirm.

There is no dispute as to the following facts. On May 8, 1986, Petitioner struck his eleven year-old daughter, L.S., after she became disruptive and threw a push-up (popcicle) in the garbage. To escape punishment, L.S. ran to her parents' bedroom and attempted to close the door. (Notes of Testimony, October 31, 1986 (N.T.), at 22.) Petitioner forced open the door and with his belt struck L.S. who crouched to the ground on all fours. On May 9, 1986, the Washington County Children and Youth Services (C.Y.S.) received a report of suspected child abuse based on a school nurse's observation of a five inch red mark from L.S.'s hairline to the corner of her left eye. (N.T. at 4.) After conducting an investigation, C.Y.S. filed a report of indicated child abuse based on the location of the mark, the "random swinging of the belt," and that such injury caused severe physical pain. (Child Protective Service Investigation Report, Reproduced Record (R.R.) at 1A). Petitioner

1. Initially, we note that the proper procedure for appealing a denial of attorneys' fees under the Costs Act was not followed in this case. Section 3(e) of the Costs Act, 71 P.S. § 2033(e) provides that "[a] party dissatisfied with a fee determination" under the Costs Act may "petition for leave to appeal." This procedure was not utilized in this case. We shall, however, treat the petition for review as a petition for leave to appeal and allow the appeal since the Petitioner and Department of Public Welfare (D.P.W.) have argued and briefed the present case. Nonetheless, as we emphasized in *Press v. Unemployment Compensation Board of Review*, 123 Pa.Cmwlth. 79, 80, n. 1, 552 A.2d 1156, 1156, n. 1 (1989), "the failure to follow proper procedures under the Costs Act may result in the dismissal of the appeal."

requested that the D.P.W. expunge his record of child abuse and a hearing was held. The hearing officer recommended that the request for expungement be denied and O.H.A. adopted the recommendation. On August 12, 1987, O.H.A. denied Petitioner's request for reconsideration.

On appeal to this court, we reversed the decision of the O.H.A. determining that L.S. did not suffer serious physical injuries causing severe pain and ordered D.P.W. to expunge the report of indicated child abuse concerning the Petitioner. (*D.E.S. v. Commonwealth of Pennsylvania, Department of Public Welfare,* No. 799 C.D.1987, filed August 17, 1988.)

■ On September 21, 1988, Petitioner filed a petition for award of attorneys' fees and expenses with the O.H.A. On October 31, 1988, the O.H.A. denied the petition and Petitioner appeals from that decision.

Our scope of review in fee determination cases is whether the adjudicating officer committed an abuse of discretion. *Carlisle Electric Inc. v. Department of Labor and Industry,* 101 Pa.Cmwlth. 359, 516 A.2d 437 (1986).

On appeal Petitioner contends that pursuant to Section 3(a) of the Costs Act, 71 P.S. § 2033[2] he is entitled to attorneys' fees and expenses because: 1) the C.Y.S. is the agent of D.P.W. pursuant to Section 16 of the Child Protective Services Law (C.P.S.L.)[3] and the D.P.W. acting upon C.Y.S.'s indicated report of child abuse initiated an "adversary adjudication"; 2) the hearing as to the issue of expungement and O.H.A.'s final order denying expungement is an "adversary adjudication"; 3) the Petitioner is the "prevailing party in the adversary proceeding"; and 4)

2. Section 3(a) of the Costs Act relevantly provides:
Except as otherwise provided or prohibited by law, a Commonwealth agency that initiates an adversary adjudication shall award to a prevailing party, other than the commonwealth, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust.

3. Act of November 26, 1975, P.L. 438, 11 P.S. § 2216.

D.P.W.'s position in denying expungement was not "substantially justified" based on the factual circumstances and applicable law.[4]

Section 16 of the C.P.S.L. provides for the establishment in each county, where feasible, a "child protective service." Section 16 of the Act also provides that "[t]he child protective service of the county children and youth social service agency shall be the sole civil agency responsible for receiving and investigating all reports of child abuse made pursuant to this act...." Section 17(5) of the C.P.S.L., 11 P.S. § 2217(5) provides that upon completion of the investigation the child protective service "shall determine whether the child is being harmed by factors beyond the control of the parent...." Further, Section 17(6) of the C.P.S.L., 11 P.S. § 2217(6) provides that the child protective service must determine within 30 days whether the report of child abuse is "founded," "indicated" or "unfounded."

In the present controversy, it is evident that the C.Y.S. is a county agency, which received a report of suspected child abuse, and conducted an investigation. Dale Watson, a C.Y.S. worker, interviewed L.S. and her mother. Based upon the interview and his observation of a physical mark on L.S.'s face a report of "indicated" child abuse was filed. (R.R. at 1a–2a.) It was C.Y.S.'s determination and subsequent filing of an indicated report of child abuse with the D.P.W. that initiated an adversary adjudication.[5] Involvement, up until this point in time, was at the county level.

---

4. Petitioner argues that D.P.W.'s comparison of the facts in the case of *J.H. v. Commonwealth of Pennsylvania, Department of Public Welfare,* 73 Pa.Cmwlth. 369, 457 A.2d 1346 (1983) to the facts of Petitioner's case is unconscionable and lacks a reasonable basis. In *J.H.* the father attempted to discipline his stepson with an oak stick. The child "spun around and ducked" and the blow landed on his head requiring six sutures. We concluded that the blow caused severe pain and that the resulting injury was not accidental.

5. Section 101 of the Administrative Agency Law, 2 Pa.C.S. § 101 defines adjudication as "[a]ny ... decision, determination ... by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any ... parties ... in which the adjudication is made."

The involvement of D.P.W., a Commonwealth agency,[6] occurred after the Petitioner sought expungement. Following a petition to the D.P.W., the O.H.A. denied the request for expungement. D.P.W. did not initiate any adversary proceeding and is not responsible for attorneys' fees and expenses pursuant to Section 3(a) of the Costs Act.

Assuming arguendo that a Commonwealth agency did initiate the adversary adjudication, the Petitioner would still not be entitled to attorneys' fees and expenses because the C.Y.S.'s filing of the report and D.P.W.'s denial of expungement were substantially justified. Section 2 of the C.P.S.L, 11 P.S. § 2202 relevantly provides:

> It is the purpose of this act to encourage more complete reporting of suspected child abuse and to establish in each county a child protective service capable of investigating such reports swiftly and competently, providing protection for children from further abuse and providing rehabilitative services for children and parents involved so as to ensure the child's well-being and to preserve and stabilize family life wherever appropriate.

In the present controversy the school nurse noticed the mark on L.S.'s face and thought it serious enough to contact the C.Y.S. The Petitioner admitted striking L.S. with a belt. There were sufficient facts to justify a report of child abuse.[7] To conclude otherwise would thwart the purpose and intent of the legislature in enacting the C.P. S.L. which is to safeguard the physical and psychological well-being of the child.

Accordingly, there being no abuse of discretion we affirm the decision of the O.H.A. in denying attorneys' fees and expenses.

6. Section 102 of the "Commonwealth Attorneys Act," Act of October 15, 1980, P.L. 950, 71 P.S. § 732–102, defines commonwealth agency as "[a]ny executive agency or independent agency."

7. The Petitioner argues that because he was the prevailing party D.P.W. was not substantially justified in its position. However, Section 2 of the Costs Act, 71 P.S. § 2032 provides: "[t]he failure of the agency to prevail in a proceeding, . . . shall not raise a presumption that the position of the agency was not substantially justified."

## ORDER

AND NOW, this 29th day of November, 1989, the order of the Director of the Office of Hearings and Appeals for the Department of Public Welfare, dated October 31, 1988, is affirmed.