632 A.2d 603

DEPARTMENT OF ENVIRONMENTAL
RESOURCES, Petitioner,

v.

Carl E. OERMANN, Respondent.

Commonwealth Court of Pennsylvania.

Argued March 30, 1993.

Decided Sept. 28, 1993.

Carl B. Schultz, Asst. Counsel, for petitioner.

Eugene E. Dice for respondent.

Before McGINLEY and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

■ The Department of Environmental Resources (DER) petitions for review of the December 3, 1992 order of the Environmental Hearing Board (Board) granting Carl E. Oermann's application for award of attorney's fees and costs pursuant to Section 3(a) of the Act of December 13, 1982, P.L. 1127, *as amended,* 71 P.S. § 2033(a), commonly known as the Costs Act. Also before this Court is Oermann's motion to dismiss DER's petition for review. The dispositive issue raised for this Court's determination is whether DER's petition for review should be dismissed because DER failed to file a petition for leave to appeal as mandated by Section 3(e) of the Costs Act, 71 P.S. § 2033(e).

This matter initially arose when Oermann appealed to the Board from a $5000 civil penalty assessment DER issued against him on March 18, 1988 for violation of the Pennsylvania Safe Drinking Water Act, Act of May 1, 1984, P.L. 206, 35 P.S. §§ 721.1–721.17. The Board ultimately sustained Oermann's appeal on the basis that DER failed to establish a prima facie case-in-chief of any violation of the Safe Drinking Water Act and as a result, vacated the civil penalty. DER filed with this Court a petition for review of the Board's decision which DER later withdrew. Oermann thereafter filed an application for award of attorney's fees and costs pursuant to Section 3(a) of the Costs Act. It granting Oermann's application, the Board concluded that DER was not substantially justified in assessing the civil penalty, and since no special circumstances existed which would make an award unjust, the Board ordered the agency to pay $4,358 in attorney's fees to Oermann. On January 4, 1993, DER filed a petition for review with this Court. On January 13, 1993, Oermann filed a motion to dismiss DER's petition. This Court directed that the motion to dismiss be heard with argument on the merits of DER's appeal.

Upon finding that certain individuals, partnerships, corporations and labor and other organizations may be deterred from challenging unreasonable action of administrative agencies due to the expense involved to vindicate their rights, the General Assembly enacted the Costs Act, intended to:

(1) Diminish the deterrent effect of seeking review of or defending against administrative agency action by providing in specified situations an award of attorney's fees, expert witness fees and other costs against the Commonwealth.

(2) Deter the administrative agencies of this Commonwealth from initiating substantially unwarranted actions against individuals, partnerships, corporations, associations and other nonpublic entities.

Section 1(c), 71 P.S. § 2031(c). Having established the right of individuals or other nonpublic entities to recover an award of attorney's fees and costs from administrative agencies for unwarranted actions, the question to be resolved by Oermann's motion is what appellate procedure did the General Assembly intend an administrative agency to follow in seeking review of an award for attorney's fees and costs against the agency.

Oermann contends that pursuant to Section 3(e) of the Costs Act, a party contesting the Board's fee determination must petition this Court for leave to appeal; and because DER has not filed the appropriate petition, it has failed to perfect any right of appeal it may have pursuant to the Costs Act. Section 3 of the Costs Act provides in pertinent part:

(a) Except as otherwise provided or prohibited by law, a Commonwealth agency that initiates an adversary adjudication shall award to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust.

. . . .

(e) A party dissatisfied with the fee determination made under subsection (a) may petition for leave to appeal such fee determination to the court having jurisdiction to review final orders of a Commonwealth agency under 42 Pa.C.S. (relating to judiciary and judicial procedure). If the court denies the petition for leave to appeal, no appeal may be taken from the denial. If the court grants the petition, review of the fee determination shall be in accordance with the standards in 2 Pa.C.S. § 704 (relating to disposition of appeal).

This Court has noted that the proper procedure for appealing a denial of attorney's fees under the Costs Act is by way of a petition for leave to appeal and that the failure to follow proper procedures under the Costs Act may result in dismissal of the appeal. *D.E.S. v. Department of Public Welfare*, 130 Pa.Commonwealth Ct. 37, 566 A.2d 1261 (1989); *Willard Agri–Service, Inc. v. Department of Agriculture*, 123 Pa.Commonwealth Ct. 466, 554 A.2d 596 (1989); *Press v. Unemployment Compensation Board of Review*, 123 Pa.Commonwealth Ct. 79, 552 A.2d 1156 (1989). *See also Joyner v. Department of Environmental Resources*, 152 Pa.Commonwealth Ct. 441, 619 A.2d 406 (1992). DER argues however that it properly filed a petition for review because it is not a "party" required by the Costs Act to file a petition for leave to appeal. DER asserts that Section 3(e) applies only to a "party" and that the term is specifically defined to exclude Commonwealth agencies. Thus, DER contends, Pa.R.A.P. 1502 provides DER with an absolute right of appeal by way of a petition for review as the exclusive procedure for judicial review of a determination of a government unit. A broader reading of the entire Costs Act however reveals otherwise.

Section 2 of the Costs Act, 71 P.S. § 2032, defines a party as "an individual, partnership, corporation, association or public or private organization *other than an agency.*" (Emphasis added.) Section 2, however, is prefaced by the sentence: "The following words and phrases when used in this Act shall have, *unless the context clearly indicates otherwise,* the meanings given to them in this section." (Emphasis added.) As

Oermann correctly contends, the context of Section 3(e) appeal rights clearly indicates that the term "party" as used there is intended to include a Commonwealth agency. The agency would unquestionably participate as a party, as here, and have a direct interest in the subject matter of the proceedings in which the agency initiates an adversary adjudication.[1]  *See* 2 Pa.C.S. § 101.

Secondly, in interpreting legislative intent, courts may consider the occasion and necessity for the statute and the consequences of a particular interpretation, *Commonwealth v. Westcott,* 362 Pa.Superior Ct. 176, 523 A.2d 1140, *appeal denied,* 516 Pa. 640, 533 A.2d 712 (1987), and it is presumed that the General Assembly does not intend, among other things, an absurd or unreasonable result. Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1921, 1922; *Land Acquisition Services, Inc. v. Clarion County Board of Comm'rs,* 146 Pa.Commonwealth Ct. 293, 605 A.2d 465 (1992). Thus a logical and rational legislative interpretation is that the definition of "party" in Section 2 is merely intended to enumerate those persons or entities *other than an agency* entitled to recover an award for attorney's fees and costs under Section 3, if a prevailing party.

Assuming arguendo that the General Assembly intended in Section 2 to exclude an agency from the definition of a party, it is reasonable to presume that the General Assembly merely intended to clarify that a Commonwealth agency shall not possess the right to an award of attorney's fees and costs under the Costs Act. Clearly however in Section 3(a), the General Assembly contemplated Commonwealth agencies as parties when referring to those circumstances under which the adjudicative officer "finds that the position of the agency, as a party to the proceeding," was substantially justified or that

---

1.  DER initiated proceedings against Oermann under the Safe Drinking Water Act and as to the Costs Act proceedings, is required in the event of an award for fees or other expenses to report to the Secretary of Budget and Administration explaining the reasons for the award and what remedial actions are necessary to avoid future adversarial adjudications without substantial justification.  Section 4 of the Costs Act, 71 P.S. § 2034.

special circumstances made an award unjust. Section 3(a) further clarifies that attorney's fees and costs are only awardable to a prevailing party, *other than the Commonwealth.*[2]

Upon a thorough review of the Costs Act provisions, this Court finds no language which demonstrates an intent by the General Assembly to exempt a Commonwealth agency from Section 3(e) requirements for filing a petition for leave to appeal when seeking judicial review of an award for fees or other costs while requiring private or nonpublic litigants, who the General Assembly seeks to protect, to follow the stated procedures. It is therefore evident that Section 3(e) requires any party, whether an individual or nonpublic entity or a Commonwealth agency, to file a petition for leave to appeal fee determinations made under Section 3(a). Hence, DER's assertion that it has an absolute right to appeal the award to this Court by filing a petition for review is specifically rejected.[3]

Nonetheless, DER maintains that even if it incorrectly filed a petition for review to this Court, its petition should be treated as a petition for leave to appeal and that the alleged "mis-titling" is not grounds for dismissal. DER cites *D.E.S., Willard Agri–Service,* and *Press* and argues that this Court has "consistently allowed Costs Act cases to proceed" despite the fact that the appellate proceeding was initiated with a petition for review rather than a petition for leave to appeal. Although this Court did indeed treat the petitions for review

**2.** Section 2 defines a prevailing party as a party who receives a favorable adjudication on the merits or who prevails due to withdrawal or termination of charges by the Commonwealth agency or approval of settlement by the agency. *See also Joyner.*

**3.** The required contents for a petition for permission to appeal are markedly different from those for a petition for review. *See* Pa.R.A.P. 1312(a), 1513(a). A petition for review requires little more than a general statement of objections and a short statement of the relief sought, whereas a petition for permission to appeal requires, inter alia, the text of the order in question; the questions presented for review; a concise statement of the case and the reasons relied upon for allowance of an appeal; and appended copies of related cases, statutes, and regulations. Where a party has failed to request permission to appeal an order as required, this Court may quash the appeal. *Hurst v. Shaw,* 121 Pa.Commonwealth Ct. 1, 549 A.2d 1349 (1988), *appeal denied,* 522 Pa. 621, 563 A.2d 889 (1989).

as petitions for leave to appeal in these cases and allowed the appeals, they are readily distinguishable from the matter sub judice. In each case none of the parties filed motions to dismiss as in the present case, and this Court addressed the matter sua sponte. Also, in each case this Court warned that failure to follow the proper procedures under the Costs Act in the future may result in dismissal of the appeal, and DER has failed to heed that warning.

DER contends that its "mis-titling" is merely an "error of form" that does not mandate dismissal of its petition for review and also relies upon *Auditor General v. Borough of East Washington*, 474 Pa. 226, 378 A.2d 301 (1977), which stated that actions brought in the wrong form should not be dismissed but should be regarded as having been filed in the proper form, although amendment may be required if necessary for clarification. *See also* Pa.R.A.P. 1503, 1504. However, in *Borough of East Washington*, the Supreme Court held that this Court had jurisdiction to review the Auditor General's action, and noted that for jurisdictional purposes, it is immaterial that the Borough designated its action as an appeal from an adjudication of the Auditor General, rather than an action in mandamus. The Court stated: "Whether this action should be brought as an appeal or an action in mandamus relates only to the form of the action, not to the court's power to review the Auditor General's determination." *Id.* at 230, 378 A.2d at 303.[4]

The Court further noted that in cases within the appellate jurisdiction of the Commonwealth Court, the Auditor General cannot take an appeal as of right to the Supreme Court, but must instead proceed by petition for allowance of appeal. *Id.* at 229, n. 5, 378 A.2d at 303, n. 5. *See also Hess v. Montgomery County Board of Assessment Appeals*, 42 Pa.Common-

---

**4.** Pa.R.A.P. 1504, the basis of the Court's holding in *Borough of East Washington*, does not apply to the matter sub judice. Rule 1504 provides that a petition for review shall be regarded and acted upon as a complaint or other proper process "where the proper mode of relief is an action in equity, replevin, mandamus or quo warranto, or a petition for a declaratory judgment or for a writ of certiorari or prohibition." Such actions clearly do not encompass a petition for leave to appeal.

wealth Ct. 292, 400 A.2d 1337 (1979) (where taxpayers were required to petition for allowance of appeal from board's decision, but instead filed an appeal, their appeal was properly dismissed; this Court rejected taxpayers' argument that their appeal should have been considered pursuant to Section 708 of the Judicial Code, 42 Pa.C.S. § 708 which, by its express terms, applies only when the form of action should not have been an appeal but rather an action in the nature of equity, mandamus, prohibition, quo warranto, or otherwise).

Accordingly, this Court concludes that DER's filing of a petition for review goes not merely to the form of the action, but to the jurisdictional nature of the process mandated by the Costs Act. As such, Oermann's motion to dismiss DER's petition for review must be granted, and DER's appeal is quashed.

## ORDER

AND NOW, this 28th day of September, 1993, the motion to dismiss filed by Carl E. Oermann is granted and the Department of Environmental Resources' appeal is quashed.