868 A.2d 393

Diana GIOVAGNOLI, Appellant,

v.

STATE CIVIL SERVICE COMMISSION (MONROE COUNTY CHILDREN AND YOUTH SERVICES), Appellee.

Supreme Court of Pennsylvania.

Argued Nov. 30, 2004.

Decided Feb. 23, 2005.

656

Kevin Andrew Hardy, for Diana Giovagnoli.

D. Michael Fisher, Pittsburgh, for Com.

Sean M. Hart, for Monroe County Children and Youth Services.

Daniel R. Tomaso, for State Civil service Commission.

Before: Cappy, C.J., Castille, Nigro, Newman, Saylor, Eakin, Baer, JJ.

## OPINION

Justice SAYLOR.

The central issue in this case concerns the Commonwealth Court's jurisdiction to entertain an improperly styled petition seeking appellate review of a decision pursuant to the Commonwealth Agency Adjudicatory Expenses Award Law, more commonly referred to as the Costs Act.

In July of 1997, Appellant, Diana Giovagnoli, was terminated from her employment as a caseworker with Monroe County Children and Youth Services ("CYS"). She appealed her dismissal to the State Civil Service Commission (the "Commis-

sion"), requesting reinstatement and back wages. Following hearings, the Commission concluded that Ms. Giovagnoli had been improperly removed and was entitled to be reinstated, but declined to award back wages. Appealing to the Commonwealth Court, Ms. Giovagnoli argued that the Commission had erred in failing to award her back pay. The court agreed and, in memorandum decision, remanded the case to the Commission for such an award. On remand, the Commission directed CYS to reimburse Ms. Giovagnoli for the wages and benefits that she would have received had she remained employed. As the parties could not agree upon the sum, a hearing was held, with the Commission ultimately issuing an opinion and order setting the amount.

Subsequently, Ms. Giovagnoli filed a petition seeking an award of attorney fees, costs, and expenses with the Commission. In response, CYS emphasized that Ms. Giovagnoli had neither cited to any authority nor provided a factual basis that would support an award of counsel fees. In this regard, CYS averred that the only authority for such an award was under the Commonwealth Agency Adjudicatory Expenses Award Law,[1] which was inapplicable by its terms, because the adjudication involved a dispute over the dismissal of an employee of the Commonwealth.[2] The Commission agreed with CYS and denied the petition. Ms. Giovagnoli appealed, filing separate petitions for review respecting the back wages determination and the denial of counsel fees.

1. Act of Dec. 13, 1982, P.L. 1127, No. 257, §§ 1–6 (as amended, 71 P.S. §§ 2031–2034) (the "Costs Act").

2. Specifically, Section 3(a) of the Costs Act states:
   (a) Except as otherwise provided or prohibited by law, a Commonwealth agency that initiates an adversary adjudication shall award to a prevailing party, other than the Commonwealth, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer finds that the position of the agency, as a party to the proceeding, was substantially justified or that special circumstances made an award unjust.
   71 P.S. § 2033(a). "Adversary adjudication" is defined as excluding proceedings "[r]esolving disputes concerning the dismissal ... of any employee of this Commonwealth." 71 P.S. § 2032.

■ After consolidating the petitions, the Commonwealth Court affirmed the award of back pay, but quashed the petition seeking review of the order denying attorney fees. *See Giovagnoli v. Civil Serv. Comm'n (Monroe County Children & Youth Serv.)*, 823 A.2d 223, 225 (Pa.Cmwlth.2003). Regarding the decision to quash, the court observed that Section 3(e) of the Costs Act provides for limited appellate review, as follows:

> (e) A party dissatisfied with the fee determination made under subsection (a) *may petition for leave to appeal* such fee determination to the court having jurisdiction to review final orders of a Commonwealth agency under 42 Pa.C.S. (relating to judiciary and judicial procedure). If the court denies the *petition for leave to appeal*, no appeal may be taken from the denial. If the court grants the petition, review of the fee determination shall be in accordance with the standards in 2 Pa.C.S. § 704 (relating to disposition of appeal).

71 P.S. § 2033(e) (emphasis added). Consistent with this language, the court explained that it had previously recognized that review of a Costs Act determination is permissible only where a petition expressly styled as one seeking leave to appeal has been filed and granted. *See Giovagnoli*, 823 A.2d at 236 (citing *Filice v. Dep't of Labor & Indus.*, 155 Pa. Cmwlth. 347, 625 A.2d 148 (Pa.Cmwlth.1993), and *Dep't of Envtl. Res. v. Oermann*, 158 Pa.Cmwlth. 560, 632 A.2d 603 (1993)). As Ms. Giovagnoli filed a petition for review, as opposed to a petition for leave to appeal, the court reasoned that she had "neither sought nor been granted leave to appeal from the Commission's order denying the award of attorney fees, as required under Section 3(e) of the Costs Act[.]" *Id.* This Court allowed appeal to determine whether the Commonwealth Court's reliance on the form of Ms. Giovagnoli's petition was a sufficient basis to support its order quashing the petition.[3]

---

**3.** Although the Costs Act specifies that no further review is available from the exercise of the Commonwealth Court's discretion in denying a petition for leave to appeal, *see* 71 P.S. § 2033(e), the Commonwealth

■ Presently, Ms. Giovagnoli concedes that, based upon the language of Section 3(e) of the Costs Act and prevailing Commonwealth Court precedent, namely, *Filice* and *Oermann,* she should have filed a petition for leave to appeal, denominated as such. Nevertheless, she emphasizes that earlier decisions from the Commonwealth Court excused the same defect, particularly, where, as here, the opposing party had not filed a motion to quash. *See, e.g., D.E.S. v. Commonwealth, Dep't of Pub. Welfare,* 130 Pa.Cmwlth. 37, 38 n. 1, 566 A.2d 1261, 1262 n. 1 (1989); *Willard Agri–Service, Inc. v. Commonwealth Dep't of Agric.,* 123 Pa.Cmwlth. 466, 479 n. 10, 554 A.2d 596, 603 n. 10 (1989); *Press v. Commonwealth, Unemployment Comp. Bd. of Review,* 123 Pa.Cmwlth. 79, 80 n. 1, 552 A.2d 1156, 1156 n. 1 (1989). Characterizing the deficiency as technical and involving form only, Ms. Giovagnoli asserts that the Appellate Procedural Rules and their underlying policies warrant waiver of the defect in the interest of achieving substantial justice.

CYS, on the other hand, takes the position that the filing of a petition for leave to appeal as such is not merely a procedural requirement. Rather, relying substantially on a passage from the Commonwealth Court's *Oermann* decision characterizing the improper filing of a petition for review in seeking appellate review under Section 3(e) of the Costs Act as a jurisdictional defect, *see Oermann,* 158 Pa.Cmwlth. at 568, 632 A.2d at 607, CYS contends that Ms. Giovagnoli's errant styling of her pleading deprived the Commonwealth Court of jurisdiction. CYS also highlights the court's admonition, in each of those prior decisions, to the effect that a failure to comply with the Costs Act's appeal provision may result in dismissal in future cases, *see D.E.S.,* 130 Pa.Cmwlth. at 38 n. 1, 566 A.2d at 1262 n. 1; *Willard Agri–Service,* 123 Pa.Cmwlth. at 479 n. 10, 554 A.2d at 603 n. 10; *Press,* 123 Pa.Cmwlth. at 80 n. 1, 552

Court's decision to quash the appeal renders the matter amenable to our review. *Accord Commonwealth v. Gambal,* 522 Pa. 280, 561 A.2d 710 (1989) (reflecting the exercise of discretionary review over the Superior Court's decision to quash a challenge to discretionary aspects of sentencing in a criminal case, an issue over which this Court ordinarily lacks discretionary appellate jurisdiction, *see* 42 Pa.C.S. § 9781(f)).

A.2d at 1156, such as occurred in *Oermann, Filice,* and presently.

We begin our review by way of reference to *Oermann,* which contains the most complete rationale for the Commonwealth Court's present approach to form-related defects in the Costs Act setting. There, like Ms. Giovagnoli, the Commonwealth Department of Environmental Resources filed a petition that was erroneously styled as a petition for review, but which sought to invoke the Commonwealth Court's discretionary appellate jurisdiction under the Costs Act. The Commonwealth Court recognized that, despite such defects in form, in *D.E.S., Willard Agri–Service,* and *Press* it had previously exercised jurisdiction under the Costs Act, treating the petitions as in the nature of a petition for leave to appeal. The *Oermann* court, however, found those decisions to be readily distinguishable, since the court in those cases had elected to address the defect *sua sponte,* whereas, the respondent in *Oermann* filed a motion to dismiss. *See Oermann,* 158 Pa. Cmwlth. at 566–67, 632 A.2d at 606.

*Oermann* acknowledged that this Court had issued a fairly strong statement in *Commonwealth, Auditor General v. Borough of East Washington,* 474 Pa. 226, 378 A.2d 301 (1977), admonishing that defects in form alone do not undermine the jurisdiction of the appellate courts. *See id.* at 231, 378 A.2d at 304. The *Oermann* court nonetheless shifted focus away from this proposition to a footnote appearing in *Borough of East Washington* indicating that a petition for allowance of appeal, as opposed to a notice of appeal, represented the appropriate procedure to invoke this Court's discretionary appellate jurisdiction relative to the order in question in the case. *See Oermann,* 158 Pa.Cmwlth. at 567–68, 632 A.2d at 606 (citing *Borough of East Washington,* 474 Pa. at 229 n. 4, 378 A.2d at 303 n. 4). Having established this focus, and distinguishing *Borough of East Washington* as involving an improvidently filed appeal as opposed to a petition for leave to appeal, *see Oermann,* 158 Pa.Cmwlth. at 567 n. 4, 632 A.2d at 606 n. 4, the Commonwealth Court concluded:

> Accordingly, this Court concludes that DER's filing of a petition for review *goes not merely to the form of the action,*

*but to the jurisdictional nature of the process mandated by the Costs Act.* As such, [the respondent's] motion to dismiss DER's petition for review must be granted, and DER's appeal is quashed.

*id.* at 567–68, 632 A.2d at 607 (emphasis added). As additional support, *Oermann* also referenced *Hess v. Montgomery County Bd. of Assessment Appeals,* 42 Pa.Cmwlth. 292, 400 A.2d 1337 (1979), in which the Commonwealth Court affirmed the dismissal of a tax assessment appeal for failure to comply with a local rule.

■■■ There are several difficulties with *Oermann's* reasoning. First, the filing of a motion to dismiss versus *sua sponte* consideration of an asserted jurisdictional impediment provides a modest basis for distinguishing *Oermann* from the Commonwealth Court's prior decisions in *D.E.S., Willard Agri–Service,* and *Press.* In this regard, having undertaken to consider the defect *sua sponte* in the earlier cases, the Commonwealth Court would obviously have dismissed the appeals had it considered the defect to be jurisdictional in character.[4] Moreover, the distinction provides no basis for differentiating the circumstances of the present case from the line of decisions reflecting Commonwealth Court's more lenient approach, since CYS (like the respondents in *D.E.S., Willard Agri–Service,* and *Press* ) filed no motion to dismiss.[5]

---

**4.** Jurisdiction relates to the competency of the court to determine an issue or controversy of the general class involved. *See Commonwealth, Auditor General v. Borough of East Washington,* 474 Pa. 226, 230, 378 A.2d 301, 303 (1977) (quoting *Drummond v. Drummond,* 402 Pa. 534, 538, 167 A.2d 287, 290 (1961)). In the same vein, the appealability of a particular order "implicates the jurisdiction of the [appellate] [c]ourt requested to entertain the question." *Fried v. Fried,* 509 Pa. 89, 91–92, 501 A.2d 211, 212 (1985) (collecting cases). *D.E.S., Willard Agri–Service,* and *Press* are consistent with the Commonwealth Court's general grant of jurisdiction over both appeals from final orders of Commonwealth agencies and those in which jurisdiction is vested by statute, *see* 42 Pa.C.S. § 763(a)(1–2), as well as Section 3(e) of the Costs Act, which specifically vests the Commonwealth Court with jurisdiction to decide issues involving fee determinations there under, albeit in the context of discretionary review. *See* 71 P.S. § 2033(e).

**5.** The filing of a motion, however, may be significant in terms of nonjurisdictional bases for dismissal. *See infra.*

A second difficulty with *Oermann's* reasoning arises from its treatment of *Borough of East Washington*. As noted, *Oermann* deemphasized *Borough of East Washington's* ordering of substance over form, in terms of invoking the jurisdiction of the appellate courts, by reference to a footnote denoting the correct procedure for implicating this Court's discretionary appellate jurisdiction in the circumstances of the case. *Oermann* neglected, however, to accord consideration to this Court's further indication in the same footnote that it would treat the papers on which the appeal was taken as a petition for allowance of appeal and grant it. *See Borough of East Washington*, 474 Pa. at 229 n. 5, 378 A.2d at 303 n. 5. Thus, neither the text nor the footnotes of *Borough of East Washington* supports *Oermann's* proposition that an error in form in invoking appellate review constitutes a jurisdictional defect. Rather, both militate to the contrary, in conformance with the general tenor of the appellate rules.[6]

Finally, *Oermann's* holding as concerns jurisdiction derives little support from its citation to *Hess*, 42 Pa.Cmwlth. at 292, 400 A.2d at 1337. Although *Hess* involved the dismissal of an appeal due to non-conformity with procedural requirements, the holding was not predicated on jurisdictional concerns.

We recognize that the requirement to file a petition for leave to appeal does not arise from the Appellate Procedural Rules or involve a right to appeal, but rather, is premised on a statute, Section 3(e) of the Costs Act, which describes the essential pleading as a petition for leave to appeal. However, relative to efforts to secure judicial review of governmental determinations, the General Assembly has prescribed as a general proposition that objections are not defeated by reason of errors in the form of the objection alone. *See* 42 Pa.C.S. § 708(a). We believe that the intention of the General Assem-

---

**6.** *See* Pa.R.A.P. 105(a) (prescribing that the rules are to be interpreted liberally, so as to facilitate a "just, speedy and inexpensive determination"). *See generally* Pa.R.A.P. 902 (providing that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is subject to such action as the appellate court deems appropriate"); Pa.R.A.P. 1511 (articulating the same rule in the context of a petition for review).

bly, as reflected in Section 708 of the Judicial Code, was broad enough to subsume an incorrectly labeled petition for leave to appeal.[7]  Moreover, this Court has an independent role in the governance of practice and procedure in the courts, *see* PA. CONST. art. V, § 10(c); 42 Pa.C.S. § 1722(a)(1), and there is benefit to some consistency in the area.  Accordingly, we hold that Ms. Giovagnoli's petition should not have been quashed solely because it was incorrectly labeled.

■ We also acknowledge that a decision to dismiss or quash an appeal (or a petition for leave to appeal) need not necessarily be predicated on jurisdictional concerns.  *See, e.g.,* Pa.R.A.P.1972 (allowing an appeal to be dismissed or quashed on motion on grounds of jurisdiction, mootness, issue preservation, and "for any other reason appearing on the record"); *accord Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 601 n. 3, 782 A.2d 996, 1001 n. 3 (2001).  Nevertheless, the basis for dismissal should comport with the statutory and rule-based emphasis on substance over form.  *Accord Stout v. Universal Underwriters Ins. Inc.,* 491 Pa. 601, 604, 421 A.2d 1047, 1049 (1980) (observing that the sanction of dismissal is sparingly imposed and is inappropriate where there has been substantial compliance with the rules and the other party has not suffered prejudice); *McKay v. Beatty,* 348 Pa. 286, 286–87, 35 A.2d 264, 265 (1944) (stating that formalistic requirements should not treated as substantive objectives); *cf.* Pa.R.A.P. 2101 (authorizing dismissal of an appeal based on "substantial" defects in briefs and reproduced records).[8]

---

**7.** Notably, in terms of the jurisdiction of the appellate courts relative to administrative appeals, the General Assembly has implemented a framework that is consistent with the appellate rules, indicating that, where a pleading requesting review of a governmental determination is improvidently labeled, the process or filing is to be regarded as proper and such defect does not, in itself, constitute a ground for dismissal. *See* 42 Pa.C.S. § 708(b) (providing that improvidently filing an appeal "where the mode of relief is an action in the nature of equity, mandamus, prohibition, quo warranto or otherwise, ... shall not be a ground for dismissal"); *accord* Pa.R.A.P. 1503, 1504.  Additionally, a parallel provision and rule apply to appeals in this Court. *See* 42 Pa.C.S. § 724(b); Pa.R.A.P. 1102.

**8.** As a practical matter, those who ignore form in the discretionary appeals context risk informing the exercise of the appellate court's

Here, while the Commonwealth Court did not expressly rely on jurisdictional precepts in quashing Ms. Giovagnoli's petition, it rested its holding on *Oermann,* which did invoke jurisdiction. Moreover, the Commonwealth Court did not identify any substantial, substantive deficiency in the petition such as might otherwise warrant the dismissal. Accordingly, we will remand to the Commonwealth Court for additional consideration, without foreclosing that the petition may in fact be subject to dismissal based on substantive deficiency,[9] or denial as a matter of the exercise of the Commonwealth Court's discretionary prerogative under the Costs Act.

The Commonwealth Court's order is vacated and the matter is remanded for further consideration in accordance with this opinion.

Justice NEWMAN files a dissenting opinion.

Justice NEWMAN, Dissenting.

The Majority states that Section 708 of the Judicial Code, 42 Pa.C.S. § 708, this Court's holding in *Commonwealth, Auditor General v. Borough of East Washington,* 474 Pa. 226, 378 A.2d 301 (1977), and various provisions of the Rules of Appellate Procedure, are relevant to the instant matter. Because I do not believe that they are dispositive, I must dissent from the decision to reverse the Order of the Commonwealth Court.

discretion in a fashion that is contrary to their cause. *Accord* Pa.R.A.P. 1115(d) (addressing the content of a petition for allowance of appeal and cautioning that the failure to present "whatever is essential to a ready and adequate understanding of the points requiring consideration will be a sufficient reason for denying the petition"); Pa.R.A.P. 1312(d) (providing similar caution in connection with a petition for permission to appeal); *see also* 1 G. RONALD DARLINGTON ET AL, PENNSYLVANIA APPELLATE PRACTICE § 105:5, p. 36 (2d ed.1994).

9. In this regard, however, there is presently very little existing authority prescribing particular content for a petition for leave to appeal under the Costs Act beyond that which is reposed in Section 202 of the Internal Operating Procedures of the Commonwealth Court. *See* 210 Pa.Code § 67.12 (directing that the document must indicate on its face that a final decision on the merits has been made; a similar petition has been presented to the administrative agency; and that the agency has denied the request).

As the Majority notes, Section 202 of the Internal Operating Procedures of the Commonwealth Court provides in relevant part:

Each ... petition [for permission to appeal an administrative agency's denial of an application for counsel fees and costs, arising from litigation before such agency] shall indicate on its face: (1)[t]hat a final decision on the merits has been made[][and] (2)[t]hat the petitioner has presented a similar petition to the administrative agency and that the petition has been denied.

210 Pa.Code § 67.12.

In *Dept. of Envtl. Res. v. Oermann,* 158 Pa.Cmwlth. 560, 632 A.2d 603, 606 n. 3 (1993), the Commonwealth Court correctly noted:

The required contents for a petition for permission to appeal are markedly different from those for a petition for review. A petition for review requires little more than a general statement of objections and a short statement of the relief sought, whereas a petition for permission to appeal requires, inter alia, the text of the order in question; the questions presented for review; a concise statement of the case and the reasons relied upon for allowance of an appeal; and appended copies of related cases, statutes, and regulations. (Citations omitted).

The Petition for Review filed by Appellant in the instant matter did not provide the Commonwealth Court with the information required by a Petition for Permission to Appeal. This is not simply a case of a wrongly titled pleading, but of an inadequate one. Furthermore, as the Majority recognizes, Section 3(e) of the Costs Act, 71 P.S. § 2033, states that the appropriate method by which to seek review of a fee determination is a Petition for Leave to Appeal. The Costs Act is by no means a complicated statutory scheme riddled with pitfalls for the unwary. Rather, it consists of only a few sections and clearly advises parties who wish to appeal an unfavorable decision exactly what they must do to protect their interests. Because of these circumstances, I do not believe that the

decision of the Commonwealth Court to quash the Petition for Review was either an abuse of discretion or an error of law.

For these reasons, I respectfully dissent.