J-S19043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ERIC DRAKE, | : | |
| | : | |
| Appellant | : | No. 1359 EDA 2019 |

Appeal from the PCRA Order Entered April 12, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012343-2011

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: Filed: July 16, 2020

Michael Eric Drake ("Drake") appeals from the Order dismissing his first

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

**See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In November 2010, Drake violently raped a woman whom he had met

at a bar (the "Complainant"). On August 8, 2013, a jury convicted Drake, in

*absentia*,[1] of aggravated assault, rape by forcible compulsion, sexual assault,

and indecent assault by forcible compulsion.[2] The trial court sentenced Drake

to an aggregate term of 20 to 40 years in prison. This Court subsequently

affirmed Drake's judgment of sentence, and the Pennsylvania Supreme Court

---

[1] In its Opinion, the PCRA court explained that Drake "was tried in *absentia* after he failed to appear for jury selection without cause on August 5, 2013." PCRA Court Opinion, 8/14/19, at 1 n.1.

[2] 18 Pa.C.S.A. §§ 2702(a)(1), 3121(a)(1), 3124.1, 3126(a)(2).

denied allowance of appeal. *See Commonwealth v. Drake*, 122 A.3d 1136 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 128 A.3d 1205 (Pa. 2015).

On April 18, 2016, Drake, *pro se*, filed the instant, timely PCRA Petition, alleging that his trial counsel, William Chris Montoya, Esquire ("Attorney Montoya"), provided ineffective assistance. The PCRA court appointed Drake counsel, who filed an Amended PCRA Petition on his behalf. Drake, through counsel, also filed a Supplemental PCRA Petition.

On January 11, 2018, the Commonwealth filed a Motion to Dismiss Drake's PCRA Petition, asserting that his claims lacked merit.

Drake filed a Motion for Discovery on May 31, 2018, seeking information pertaining to the Complainant's arrest, and subsequent guilty plea to prostitution, which occurred during the pendency of the PCRA proceedings in this instant case. According to Drake, this information would support his trial theory, *i.e.*, that Drake had hired the Complainant for sex in exchange for drugs. The Commonwealth filed an Answer. The PCRA court denied Drake's Motion for Discovery.

Following a hearing on April 12, 2019, the PCRA court dismissed Drake's Petition. Drake filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Drake raises the following issues for our review:

1. Did the [PCRA c]ourt err when it denied [Drake's] [M]otion for discovery regarding the Complainant's criminal history?

2. Did the [PCRA c]ourt err when it dismissed [Drake's] PCRA claim that trial counsel was ineffective for failing to object, move for a mistrial, or request curative instructions when the Complainant exposed the jury to prior bad acts testimony and other inflammatory and prejudicial remarks?

3. Did the [PCRA c]ourt err when it dismissed [Drake's] PCRA claim that trial counsel was ineffective for failing to investigate or call Keisha Palmer [("Palmer")] as a witness?

Brief for Appellant at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citations omitted).

In his first claim, Drake argues that the trial court erred in denying his Motion for Discovery regarding the Complainant's prior criminal history. Brief for Appellant at 9. Drake specifically sought information relating to the location of the Complainant's arrests, as well as her real name. *Id.*; *see also id.* (stating that Drake filed the Motion for Discovery "after realizing that the Complainant had probably testified under an assumed name after a search of her criminal background."). According to Drake, he told Attorney Montoya that he had met the Complainant at the Blue Moon Hotel. *Id.* at 10-11. Drake believes that the Complainant's other arrests occurred at the same location, and claims that this information would support his theory of the case, *i.e.*, that he had paid the Complainant for sex. *Id.* at 11-12. Drake also argues that

he was unable to fully investigate the Complainant's criminal background if she had been using a false identity. *Id.* at 12.

Pennsylvania Rule of Appellate Procedure 902(E)(1) prohibits discovery during collateral proceedings, "except upon leave of court after a showing of exceptional circumstances." Pa.R.A.P. 902(E)(1). "We review the denial of a discovery request in post-conviction proceedings for an abuse of discretion." *Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

Initially, we observe that Drake does not argue in his appellate brief that he demonstrated "exceptional circumstances" before the PCRA court. *See* Pa.R.A.P. 902(E)(1). The PCRA court concluded that the information Drake sought to obtain was not relevant because the Complainant's arrests occurred *after* the rape underlying the instant case.[3] *See* PCRA Court Opinion, 8/14/19, at 6. We agree. Even assuming the Complainant's arrest records proved that her arrests took place at the Blue Moon Hotel, such evidence would not prove

_____

[3] The PCRA court points out that Drake specifically sought evidence of the Complainant's arrests to demonstrate her pattern of working as a prostitute at the Blue Moon Hotel. *See* PCRA Court Opinion, 8/14/19, at 7. Accordingly, the PCRA court also aptly concluded that, even if the Complainant's arrest had occurred prior to rape in the instant case, such evidence would be prohibited under the Rape Shield Law, 18 Pa.C.S.A. § 3104(a). *See* PCRA Court Opinion, 8/14/19, at 6-8 (citing *Commonwealth v. Guy*, 868 A.2d 397, 401-02 (Pa. Super. 1996) (concluding that victim's history of solicitation was protected by Rape Shield Law, where appellant, as part of a consent defense, sought to introduce the victim's sexual history to show that she acted in conformity with past behavior)).

that the Complainant had not been raped. Therefore, we discern no abuse of discretion in the PCRA court's denial of Drake's Motion for Discovery.

Drake's second and third claims challenge the effectiveness of his trial counsel.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's actions or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

In his second claim, Drake contends that Attorney Montoya was ineffective for failing to object, move for a mistrial, or request a curative instruction "when the Complainant brought up false prior bad acts information and multiple prejudicial statements." Brief for Appellant at 13-14, 21. Drake cites an exchange during which Attorney Montoya asked the Complainant if she knew Drake, and the Complainant responded, "I know he is the person that raped me. I did not know him. I know him from pointing him out in pictures to police officers and believing that he has a previous past of it, from what the officer is saying." ***Id.*** at 16 (citing N.T. (Trial), 8/6/13, at 118). According to Drake, the Complainant's statement was more than a "passing

reference," and that counsel should have objected, or requested a curative instruction or mistrial. *Id.* at 16-17. Drake points out that he had never previously been convicted of sexual offenses. *Id.* at 17-18. Additionally Drake claims that Attorney Montoya continuously allowed the Complainant to "lash out with inflammatory outbursts to cow him into retreat." *Id.* at 18.

"In the context of an ineffectiveness claim, counsel's failure to request a cautionary instruction regarding evidence of other crimes or prior bad acts does not constitute *per se* ineffectiveness…." **Commonwealth v. Weiss**, 81 A.3d 767, 798 (Pa. 2013). "With regard to the reasonable basis prong of this test, it is incumbent upon the petitioner to demonstrate that counsel's chosen course of action had no reasonable basis designed to effectuate his client's interests." *Id.*

Additionally "[m]istrials should be granted only when an incident is of such a nature that its unavoidable effect is to deprive appellant of a fair trial." **Commonwealth v. Johnson**, 815 A.2d 563, 576 (Pa. 2002) (citation and quotation marks omitted).

> A mistrial is warranted when a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. When the statement at issue relates to a reference to past criminal behavior, the nature of the reference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required.

**Commonwealth v. Parker**, 957 A.2d 311, 319 (Pa. Super. 2008) (internal citations, quotation marks, and brackets omitted).

Here, the statement to which Drake objects was not intentionally elicited by the Commonwealth, and in fact, the statement was made in response to a question asked by Attorney Montoya. **See** PCRA Court Opinion, 8/14/19, at 13 (stating that the Commonwealth did not intentionally elicit the statement; the Complainant's answer was not responsive to the question posed; and the Commonwealth did not exploit the reference); **see also Parker**, **supra**. Our review of the record discloses that the entire exchange occurred as follows:

> [Attorney Montoya]: Ma'am, you said that you didn't know him, right?
>
> [The Complainant]: I know he is the person that raped me. I did not know him. I know him from pointing him out in pictures to police officers and believing that he has a previous past of it, from what the officer is saying."
>
> The Court: Ms. …--
>
> [The Complainant]: Can it just be over with?
>
> The Court: Ms. …, you need to answer the question, which is, Did you know him?
>
> [The Complainant]: No, I did not know him.

N.T. (Trial), 8/6/13, at 118. Thus, the record confirms that the Complainant made only a passing statement, and that the trial court refocused the Complainant's testimony. **See** PCRA Court Opinion, 8/14/19, at 13 (explaining that Attorney Montoya believed that "a curative instruction would have unduly called attention to evidence that was only made in passing and not in response to any question posed to [the Complainant]." (citing N.T. (PCRA Hearing), 4/12/19, at 33-48)).

The record supports the PCRA court's conclusion that Drake's underlying claim lacks arguable merit, and we otherwise discern no error by the PCRA court. **See Rykard**, **supra**. Accordingly, we cannot grant Drake relief on this claim.

In his third claim, Drake asserts that Attorney Montoya was ineffective for failing to investigate or call Palmer, a woman who lived across the street from Drake, as a witness at trial. Brief for Appellant at 22. Drake cites Palmer's testimony at the evidentiary hearing as evidence that she was willing and able to testify in his defense at trial. **Id.** at 23; **see also id.** (stating that Palmer had provided a statement at the time of the offense). According to Drake,

> [Palmer's] testimony was crucial to the defense case because she was the only witness besides the Complainant and [Drake] to see any of the events prior to the arrival of police. [Palmer] had crucial factual information that the Complainant smashed the windows after [Drake] left the home and contradicted the Complainant's claim that she jumped out of a window to escape. This buttressed the defense theory that the damage to the house was because the Complainant became enraged instead of being purely defensive wounds.

**Id.** Drake also argues that Palmer's testimony could have provided additional context to evidence presented at trial. **Id.** at 24.

A petitioner claiming ineffectiveness based on counsel's failure to call a potential witness

> satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of

the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012). Additionally, "[a] failure to call a witness is not *per se* ineffective assistance of counsel[,] for such decision usually involves matters of trial strategy." ***Id.*** at 1109 (citation omitted).

Palmer testified at the evidentiary hearing via videoconference. Palmer recalled that she lived across the street from Drake at the time of the incident in November 2010. N.T. (PCRA Hearing), 4/12/19, at 5. Additionally, Palmer acknowledged that she was an eyewitness to the events, and that she completed a witness statement that night. ***Id.*** at 5-6. After some apparent confusion on the part of Palmer, she asked to see the copy of her witness statement and explained, "I had an accident where I was shot [in the head in 2012;] I can't remember everything. My memory is like really off." ***Id.*** at 7; ***see also id.*** (wherein Palmer's witness statement was admitted into evidence as Exhibit D-1). Referencing her witness statement, Palmer testified that when the police responded, the Complainant told them that she had been raped. ***Id.*** at 8, 9. Palmer stated that she was never contacted by Attorney Montoya, nor did she receive a trial date or subpoena. ***Id.*** at 11, 15.

Attorney Montoya also testified at the evidentiary hearing. Attorney Montoya testified that he had spoken to Palmer, and that he sent her two

subpoenas. *Id.* at 26. Regarding his decision not to call Palmer as a witness, Attorney Montoya stated as follows:

> I believed at the time [] Palmer had given a statement. And she said that this lady had come out. Was breaking windows. And she said that she had told the police erroneous information. But the thing that struck me was that she said that [] a question that the detective had asked her was, Did she ever hear the [C]omplainant say the word rape? And she said, Yes. That's the first time I heard. And she said that she was raped when she was talking to the officers. And again, when I talked to her, I said, I don't think it's in your best interest.

*Id.* at 47; *see also id.* at 48 (wherein Attorney Montoya explained that he believed it was more prudent for the "defense to lie on [the Complainant's] credibility.").

Based upon the testimony presented at the evidentiary hearing, the PCRA court concluded that Attorney Montoya had a reasonable strategic basis for not calling Palmer as a witness. *See* PCRA Court Opinion, 8/14/19, at 10-11. Specifically, the PCRA court stated that it was reasonable for Attorney Montoya to believe that relying on the Complainant's lack of credibility was a stronger defense, and any testimony by Palmer that she heard the Complainant say she was raped would have corroborated the Complainant's story. *See id.*

We agree with the PCRA court's reasoning and conclusion. Attorney Montoya's testimony at the evidentiary hearing, which the trial court credited, revealed that he had a reasonable strategic basis for declining to call Palmer as a witness. Thus, Drake has failed to establish the second prong of the

ineffectiveness test.  **_See Franklin_**, **_supra_**.  Moreover, the "crucial" information, Drake believes, to which Palmer would have testified (*i.e.*, that the Complainant had smashed windows after Drake left the home), would not necessarily compel the jury to reach a different result.  **_See id._**  Accordingly, Drake is not entitled to relief on this claim.

Based upon the foregoing, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/20